UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DUANE GIBSON, | ) | CASE NO. 1:12 CV 1509 |
| Plaintiff, | ) ) | JUDGE DAN AARON POLSTER |
| v. | ) ) ) | |
| KELLY ROSE, *et al.*, | ) ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) ) ) | |

*Pro se* Plaintiff Duane Gibson filed the above-captioned action in the Richland County Court of Common Pleas on May 29, 2012 against Richland Correctional Institution ("RCI") Inspector Kelly Rose, RCI Mailroom Supervisor Mr. Roque, RCI Trooper Mr. Butler, Ohio Department of Rehabilitation & Correction ("ODRC") Chief Inspector Gary Croft, Ohio State Highway Patrolman John Born, and United States Postmaster Kathleen Michaels. (ECF 1-1). In the Complaint, Plaintiff alleges Defendants failed to promptly send his legal mail via certified mail in violation of the United States and Ohio Constitutions; Ohio Revised Code §§ 2921.44, 2921.45, and 2921.52; Ohio Administrative Code §§ 5120-9-17(B) and 5120-9-20; and ODRC Policy No. 75-MAL-O1. Defendant Michaels removed this action to federal court on June 13, 2012. (ECF 1).

## I. Background

Plaintiff is a state prisoner, currently incarcerated at RCI in Mansfield, Ohio. He alleges that, on December 9, 2011, he "tried to mail out a lawsuit to the Summit County Clerk of Courts."

1

(ECF 1-1 at 10). He asserts that he requested this package be sent via certified mail with return receipt and that he had sufficient money in his prisoner account to cover the postage requirements. Plaintiff claims "Defendant Roque opened my legal mail and then he called Summit County to tell them I am trying to mail out a lawsuit to Summit County, in which they told Defendant Roque not to mailed [sic] out this legal mail certified mail, with return receipt." (ECF 1-1 at 10). He claims Defendant Roque withheld Plaintiff's package for two to seven days in violation of his constitutional rights and in contravention of Ohio law and ODRC policy. Plaintiff asserts he requested to speak to the Ohio Highway Patrol regarding this matter, but his request was denied.

Plaintiff filed a grievance regarding this incident on January 6, 2012. Defendant Rose denied Plaintiff's grievance on January 19, 2012, noting that:

> The process for a piece of mail at this Institution is as follows–
>
> Mail is received in the mailroom, weighed and processed. The Cash Slip is marked with the amount. The letter is immediately mailed where the Cash Slip is sent to the Cashier's Office for future processing. The actual Cash Slip may not be processed for at times up to a week depending on staffing, holidays and workload. In all, the parcel is shipped immediately.
>
> Research was conducted to the account of Mr. Gibson. A withdraw [from Plaintiff's prisoner account] was completed on December 14, 2011 in the amount of $2.88 for a parcel submitted to D. Horrigan [i.e. the Summit County Clerk of Courts]. The Cash Slip submitted by Mr. Gibson also indicates the exact same information. This investigation is rested with the information that the item was mailed out of the institution as requested. It was a parcel that weighed 10.4 ounces and was submitted as designated by sender.

(ECF 1-1 at 17 (Exh. B)). Defendant Rose's response also notes that the State Highway Patrol had been notified of Plaintiff's request for a formal meeting to discuss the incident. (ECF 1-1 at 17).

Around the same time he submitted his grievance, Plaintiff also sent a letter to the United States Post Office in Mansfield, Ohio, complaining about RCI's failure to promptly mail his legal packages. (ECF 1-1 at 11). In response, Plaintiff received a letter dated January 9, 2012 from the "Mansfield Post Office Staff," informing him that "your problem is between you and the Mansfield Correctional Institution Mail Room. . . You will need to talk to them and find out the problem." (ECF 1-1 at 18 (Exh. C)). Plaintiff asserts this response is evidence that Defendant Michaels "refused to act and investigate this matter" and, further, that she is "covering up" for RCI. (ECF

1-1 at 11).

Plaintiff subsequently appealed Defendant Rose's denial of his January 6, 2012 grievance. In a decision dated February 22, 2012, the Chief Inspector[1] found there was no evidence that "staff is preventing you from mailing items" and "no specific proof offered that your civil rights are being violated or that the Inspector's actions are unprofessional." (ECF 1-1 at 20 (Exh. E)). Thus, the Chief Inspector denied Plaintiff's appeal.

Plaintiff also claims that, in April 2012, he attempted to mail a "package of legal work" to United States Attorney General Eric Holder in Washington D.C. via certified mail, return receipt. (ECF 1-1 at 12). Plaintiff claims he had sufficient funds in his prisoner account to cover the postage but that RCI "never ever process the cash slip and they never put the date that this cash slip was processed, so I never ever know when they mailed out my legal work or if they even mailed it out period." (ECF 1-1 at 12).

Plaintiff filed his Complaint in the Richland County Court of Common Pleas on May 29, 2012, asserting two claims for relief. (ECF 1-1). In Claim One, Plaintiff asserts that Defendants are personally liable for "interfering with civil rights," "using sham legal process," and dereliction of duty in violation of Ohio Revised Code §§ 2921.44, 2921.45, and 2921.52. (ECF 1-1 at 10). In Claim Two, Plaintiff asserts Defendants are personally liable for "withholding prisoners legal mail for 2 days to 7 days after it were received by in the institutional mailroom in violation of our First and Fourteenth Amendments Constitutional Rights and violation of Administrative Rules 5120-9-20; 5120-9-17; and ODRC Policy No. 75-MAL-01." (ECF 1-1 at 13). He seeks declaratory and monetary relief. (ECF 1-1 at 14).

Based on the federal constitutional claims asserted in the Complaint, Defendant Michaels filed a Notice of Removal on June 13, 2012. (ECF 1). For the reasons set forth below, the Court concludes it has subject matter jurisdiction over the instant case and removal was proper.

## II. Removal

---

[1] The signature on the Decision of the Chief Inspector on Plaintiff's Grievance Appeal is illegible. Plaintiff implies that Defendant Croft is responsible for the denial of his appeal.

A defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A civil action founded on a claim based on a federal statute may be removed regardless of the citizenship of the parties. 28 U.S.C. § 1441(b). Whenever a federal claim is joined with "one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which state law predominates." 28 U.S.C. § 1441(c).

To remove a civil action from state court to federal court, a defendant must file in the district court a Notice of Removal containing a short and plain statement of the grounds for removal, along with a copy of all pleadings and orders served upon the defendant, within 30 days of receiving the complaint or summons, or within 30 days of receiving an amended pleading, motion, order or "other paper" from which the removability of the action may first be ascertained. 28 U.S.C. § 1446(a), (b). A case may be remanded at any time prior to final judgment if it appears the federal court lacks subject matter jurisdiction over the case. 28 U.S.C. § 1447(c). A Motion to Remand the case to state court for any reason other than lack of subject matter jurisdiction must be made within 30 days after the filing of the Notice of Removal. 28 U.S.C. § 1447(c).

The Court finds that removal was proper in the instant case. Defendant Michaels states she received a copy of the summons and Complaint on or about June 4, 2012. (ECF 1 at 2). She filed her Notice of Removal on June 13, 2012, within the 30 day time limit imposed by 28 U.S.C. § 1446(a), (b). Moreover, Defendant Michaels correctly notes she is a federal employee and the Complaint raises federal claims against her and the other named Defendants, including claims under the First and Fourteenth Amendments of the United States Constitution as brought pursuant to 42 U.S.C. § 1983.[2] *See* Complaint (ECF 1-1 at 8) (stating that Complaint is a civil rights action brought pursuant to Section 1983 for violations of the First and Fourteenth Amendments of the

---

[2] While Plaintiff cites 42 U.S.C. §1983 as the vehicle for asserting all of his constitutional claims, there is no allegation that Defendant Michaels acted under color of state law. Therefore, Plaintiff's federal constitutional claims against Defendant Michaels are construed as arising under *Bivens v. Six Unknown Agents*, 403 U.S. 383 (1971).

United States Constitution).  Accordingly, and in the absence of any objections from Plaintiff, the Court finds it has subject matter jurisdiction to consider the matter and that it is removable from state court.

### III.  Analysis

**A.**     **Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A.  *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010); *Siller v. Dean*, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).  *See generally Hill*, 630 F.3d at 470-71 (holding that "the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" pursuant to §§ 1915A and 1915(e)(2)).

**B.**     **Federal Claims**

1. **Proper Parties & Claims**

Plaintiff asserts claims against Defendants Rose, Roque, Butler, Born, and Croft in both their official and individual capacities. For the following reasons, the Court finds Plaintiff may not assert claims against these Defendants in their official capacities as agents of RCI, the Ohio State Highway Patrol, and the ODRC, respectively.

The Eleventh Amendment[3] bars suits brought in federal court against a state and its agencies unless the state has waived its sovereign immunity or consented to be sued in federal court. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). There are some exceptions to the immunity recognized by the Eleventh Amendment. A plaintiff may sue a State for damages in federal court when a State expressly consents to suit, or if the case concerns a federal statute that was passed by Congress pursuant to Section 5 of the Fourteenth Amendment and expresses a clear congressional intent to abrogate sovereign immunity. *See Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 55 (1996); *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999).

With respect to the instant case, the State of Ohio has not waived sovereign immunity in federal court. *See Mixon*, 193 F.3d at 397. In addition, the Supreme Court has held that the federal statute invoked in this case, 42 U.S.C. § 1983, was not intended to abrogate the States' Eleventh Amendment immunity. *See Will*, 491 U.S. at 66-67; *Quern v. Jordan*, 440 U.S. 332, 340-41 (1979). Because the Eleventh Amendment bars suits for monetary damages against state employees sued in their official capacities, Plaintiff's official capacity claims against Defendants Rose, Roque, Butler, Croft, and Born pursuant to Section 1983 are dismissed for failure to state a

---

[3] The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign state." U.S. CONST., AMEND. XI. The Supreme Court has interpreted this Amendment as granting states broad sovereign immunity from federal suits filed by their own citizens as well as citizens of other states. *See Pennshurst State School & Hospital v. Halderman*, 465 U.S. 89, 120-21 (1984).

6

claim upon which relief may be granted pursuant to § 1915A.[4]

Furthermore, the Supreme Court has held that a State, its agencies, and its officials sued in their official capacities for monetary damages are not considered "persons" for purposes of a § 1983 claim. *See Will*, 491 U.S. at 71. Consequently, even aside from the issue of sovereign immunity under the Eleventh Amendment, Plaintiff fails to state claims for monetary damages against these Defendants pursuant to § 1983.

Plaintiff's official capacity claims against Defendant Michaels must also be dismissed. As Defendant Michaels is a United States Postmaster, Plaintiff's official capacity claims against her are construed against the United States. The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the court's subject matter jurisdiction. *McGinness v. U.S.*, 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *U.S. v. King*, 395 U.S. 1, 4 (1969). Even liberally construing Plaintiff's Complaint, there is not a sufficient indication that the United States has waived its sovereign immunity with respect to this claim. *See Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991). Accordingly, Plaintiff's federal constitutional claims against Defendant Michaels in her official capacity are dismissed.

With respect to Plaintiff's individual capacity claims, the Court finds Plaintiff has failed to state claims against Defendants Butler, Born, or Michaels. A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). *See also Heyerman v. Cnty.of Calhoun*, 680 F.3d. 642, 647 (6th Cir. May 29, 2012) (noting that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior"); *Murphy v. Grenier*, 2011 WL 180780 at ** 1 (6th Cir. Jan.

---

[4] A claim for prospective injunctive relief may proceed against a state official sued in his/her official capacity. *See Hafer v. Melo*, 502 U.S. 21, 28 (1991); *Will*, 491 U.S. at 71, n. 10. While the Complaint in the instant case states it is seeking injunctive relief, the relief it seeks in this regard is "a decree by this Court" that Defendants have violated his state and federal rights. (ECF 1-1 at 14). This relief is more in the nature of a request for a declaratory judgment and the Court does not consider it to be a true request for injunctive relief.

19, 2011) ("Personal involvement is necessary to establish section 1983 liability"). In other words, individual liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants." *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991). A defendant must, therefore, play more than a passive role in the alleged violation or show mere tacit approval of the actions in question. *Rizzo,* 423 U.S. at 371.

At a minimum, Plaintiff in the instant case must show that Defendants Butler, Born, and Michaels were personally involved in, encouraged, or condoned the alleged constitutional violations at issue. *Id. See also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995). The Complaint does not contain allegations suggesting these Defendants personally participated in any alleged constitutional violations. Accordingly, the Court finds Plaintiff has failed to state claims upon which relief may be granted against Defendants Butler, Born, and Michaels their individual capacities.

The only federal claims remaining in the Complaint, therefore, are Plaintiff's individual capacity claims against Defendants Rose, Roque, and Croft for allegedly violating Plaintiff's right of access to the courts and procedural due process rights. The Court addresses the merits of these claims, below.

### 2. Access to Courts

Plaintiff alleges Defendants violated his First Amendment right to access to courts by failing to promptly mail his packages of legal work. It is well-established that prisoners have a constitutional right to access to the courts. *See Lewis v. Casey*, 518 U.S. 343 (1996); *Hadix v. Johnson*, 182 F.3d 400 (6th Cir. 1999); *Leveye v. Metropolitan Pub. Def. Office*, 2003 WL 21801466 (6th Cir. Aug. 4, 2003). To state a viable claim, however, an inmate must demonstrate he suffered "actual injury" as a result of particular actions of prison officials. *Lewis*, 518 U.S. at 351. This injury requirement is not satisfied by "just any type of frustrated legal claim." *Id.* A prison official may be held liable only to the extent that his or her actions prevented a prisoner from pursuing, or caused the rejection of, specific non-frivolous direct appeals, habeas corpus

8

applications, or civil rights actions. *Id. See also Hadix*, 182 F.3d at 405; *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). "Impairment of any other litigating capacity is simply one of the incidental, and perfectly constitutional, consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355.[5]

In addition, the Supreme Court has emphasized that an inmate's right of access to the courts "is ancillary to the underlying claim, without which [an inmate] cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). In other words, an inmate must demonstrate "actual injury" by showing that his underlying claim is non-frivolous and that it was frustrated or impeded by the defendants. *Lewis*, 518 U.S. at 353. *See also Clark v. Johnston*, 2011 WL 219931 at * * 9 (6th Cir. Jan. 25, 2011) (stating that prisoner must demonstrate that the underlying claim allegedly prejudiced is not frivolous). It follows, then, "that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher,* 536 U.S. at 415. *See also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (finding that plaintiff must "plead and prove prejudice stemming from the asserted violation").

The Court finds Plaintiff has failed to sufficiently allege an "actual injury." Plaintiff claims he was denied access to the courts because he "tried to mail out a lawsuit" on Friday, December 9, 2011 to the Summit County Clerk of Courts but Defendant Roque failed to mail Plaintiff's package for "two to seven days."[6] (ECF 1-1 at 10). He also claims he attempted to mail a "package of legal work" to United States Attorney Eric Holder, but that Defendants failed to "process his cash slip" and he is, therefore, uncertain whether his legal work was mailed at all.

---

[5] The Supreme Court stressed that the Constitution does not guarantee prisoners the ability to transform themselves into "litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Lewis*, 518 U.S. at 355.

[6] The documentation attached to Plaintiff's Complaint indicates money was withdrawn from Plaintiff's prisoner account on Wednesday, December 14, 2011 for a parcel submitted to D. Horrigan, the Summit County Clerk of Courts on Friday, December 9, 2011. (ECF 1-1 at 17 (Exh. B)).

(ECF 1-1 at 12).

Plaintiff does not provide any information regarding the nature of his unidentified lawsuit or "package of legal work." As set forth above, the right of access to the courts extends only to direct appeals, habeas corpus applications, and civil rights actions. *Lewis*, 518 U.S. at 351. Plaintiff fails to provide sufficient allegations suggesting that his lawsuit or legal work falls into one of these three categories. Moreover, he fails to allege any facts to suggest his lawsuit or legal work was non-frivolous. He provides no information regarding the content of the claims of grounds for relief asserted in either his legal action or package of legal materials. Finally, Plaintiff fails to allege he was prejudiced by the delay in either of these two incidents; i.e. that he had a case dismissed, was prevented from filing a complaint, or missed a legal deadline. *See Harbin-Bey v. Rutter,* 420 F.3d 571, 578 (6th Cir. 2005); *Jackson v. Gill*, 2004 WL 232148 at ** 2 (6th Cir. Feb. 3, 2004).

The Sixth Circuit has repeatedly found, under similar circumstances, that inmates have failed to state a claim for denial of access to courts based on prison officials' alleged delay in processing outgoing legal mail. *See, e.g. Smith v. Campbell,* 2004 WL 2316658 at ** 2 (6th Cir. Sept. 23, 2004) (holding that state prison official did not violate inmate's right of access to courts by withholding item of legal mail for 25 days where the inmate did not explain what the case was about or indicate that it involved his conviction or confinement); *Truss-El v. Bouchard*, 2004 WL 1447653 at ** 2 (June 18, 2004) (finding inmate had no claim against prison officials based on alleged interference with his legal mail where he did not demonstrate any prejudice to pending or contemplated litigation); *Smith-El v. Steward*, 2002 WL 193931 at ** 2 (6th Cir. Feb. 6, 2002) (finding inmate failed to state claim for denial of access to courts where he did not establish that he was prejudiced by prison officials' delay in mailing his legal work).

Accordingly, for all the reasons set forth above, the Court finds Plaintiff has failed to state a claim upon which relief may be granted for denial of access to courts. This claim is, therefore,

dismissed pursuant to § 1915A.[7]

### 2. Procedural Due Process

The Complaint is unclear, but it appears Plaintiff is also asserting his procedural due process rights were violated when Defendants either failed to respond to or denied his grievances. Plaintiff also appears to assert a procedural due process claim based on Defendants' alleged failure to follow ODRC policies regarding both prisoner mail and the grievance process.

To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that a liberty or property interest is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Thus, procedural due process analysis involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989). In other words, "the question of what process is due is relevant only if the inmate establishes a constitutionally protected interest." *Pickelhaupt v. Jackson*, 2010 WL 395929 at ** 2 (6th Cir. Feb. 4, 2010).

In the instant case, Plaintiff's first procedural due process claim is based on his allegation that Defendants Croft and Rose failed to respond to or improperly denied his grievances regarding the alleged mishandling of his outgoing mail. Specifically, Plaintiff claims Defendant Rose denies "prisoners Grievances 100% of the time, despite the fact that the prisoners can have clear evidence to support there [sic] claims." (ECF 1-1 at 12). He states Defendant Croft and the Chief Inspector's Office generally does not "respect [his] evidence," and improperly denies his grievances. (ECF 1-1 at 11). Finally, he asserts generally that "Richland Correction Inst[itution]

---

[7] To the extent Plaintiff is also raising a claim based on his First Amendment right to send mail, that claim is also without merit and subject to summary dismissal under § 1915A. While prisoners have a "First Amendment right to send mail," *Rodgers v. Hawley*, 2001 WL 798618 at ** 2 (6th Cir. June 22, 2001), "random and isolated interference" with a prisoner's mail does "not violate his constitutional rights." *Johnson v. Wilkinson*, 2000 WL 1175519 at * 2 (6th Cir. Aug. 11, 2000). *See also Dearing v. Mahalma*, 2011 WL 3739029 at * 7 (S.D. Ohio Aug. 24, 2011). In the instant case, Plaintiff alleges one piece of legal mail was delayed for several days and another may not have been mailed. Although these alleged incidents were undoubtedly frustrating, the Court finds they are random and isolated events that fail to rise to the level of a constitutional violation.

11

has a pattern of not answering complaints and grievances." (ECF 1-1 at 12).

The Court finds Plaintiff has failed to state a due process claim. The Sixth Circuit has held that there is no inherent constitutional right to an effective prison grievance procedure. *See Argue v. Hofmeyer*, 2003 WL 22495834 at * 2 (6th Cir. Oct. 30, 2003); *Walker v. Dept. of Corrections*, 2005 WL 742743 at **3 (6th Cir. April 1, 2005). Thus, the Court finds that Defendants' alleged failure to respond to or denial of Plaintiff's grievances is insufficient to demonstrate interference with a "liberty or property interest." This claim is, therefore, dismissed pursuant to § 1915A.

Plaintiff also appears to claim that Defendants violated his procedural due process rights by failing to follow ODRC policies regarding the handling of outgoing prisoner mail. The Court finds this claim is without merit. Defendants' alleged failure to comply with a state administrative rule or policy does not itself rise to the level of a constitutional violation. *See Laney v. Farley*, 501 F.3d 577, 581 n. 2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *McVeigh v. Bartlett*, 1995 WL 236687 at * 1 (6th Cir. Apr. 21, 1995) (noting that the failure to follow a prison policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest). Accordingly, this claim is dismissed pursuant to § 1915A.

**C.     State law Claims**

      **1.     Ohio Rev. Code §§ 2921.44, 2921.45, and 2921.52**

Plaintiff asserts claims against Defendants for violations of Ohio Rev. Code §§ 2921.44, 2921.45 and 2921.52. For the following reasons, these claims are dismissed as to all Defendants.

Section 2921.44 is a criminal statute relating to dereliction of duty by various public officers, which provides that "[w]hoever violates this section is guilty of . . . a misdemeanor of the second degree." Ohio Rev. Code § 2921.44(G). Also a criminal statute, Section 2921.45 prohibits a public servant, acting under color of his or her office, employment, or authority, from knowingly depriving, or conspiring or attempting to deprive, any person of a constitutional or statutory right. This section provides that "[w]hoever violates this section is guilty of interfering with civil rights, a misdemeanor of the first degree." Ohio Rev. Code § 2921.45(B).

Neither of these criminal statutes provides for a private civil cause of action. Moreover, the Ohio courts have held that a plaintiff may not assert a civil claim based upon an alleged violation of a criminal statute because "[c]riminal violations are brought not in the name of an individual party but rather by, and on behalf of, the state of Ohio or its political subdivisions." *Biomedical Innovations, Inc. v. McLaughlin*, 103 Ohio App.3d 122, 126, 658 N.E.2d 1084 (1995). *See also Zell v. Doe,* 2010 WL 776514 at *3 (N.D. Ohio March 8, 2010); *Howard v. United States District Court for the Southern District of Ohio*, 2010 WL 5230872 at * 4 (S.D. Ohio Dec. 16, 2010). Accordingly, the Court finds Plaintiff's claims under Sections 2921.44 and 2921.45 fail to state claims upon which relief may be granted and are dismissed as to all Defendants.

With respect to Section 2921.52, this provision is a criminal statute relating to "sham legal process," which is defined as

> (4) "Sham legal process" means an instrument that meets all of the following conditions:
>
> (a) It is not lawfully issued;
>
> (b) It purports to do any of the following:
>
> > (i) To be a summons, subpoena, judgment, or order of a court, a law enforcement officer, or a legislative, executive, or administrative body.
> >
> > (ii) To assert jurisdiction over or determine the legal or equitable status, rights, duties, powers or privileges of any person or property.
> >
> > (iii) To require or authorize the search, seizure, indictment, arrest, trial or sentencing of any person or property.
>
> (c) It is designed to make another person believe that it is lawfully issued.

Section 2921.52(A)(4). This statutes goes on to provide that "[n]o person shall . . . . (1) knowingly issue, display, deliver, distribute, or otherwise use sham legal process; (2) knowingly use sham legal process to arrest, detain, search, or seize any person or the property of another person; (3) knowingly commit or facilitate the commission of an offense, using sham legal process; [or] (4) knowingly commit a felony by using sham legal process." *See* Section 2921.52(B). Violations of this statute may be considered either a misdemeanor or felony, depending on the circumstances.

13

*See* Section 2921.52(D). The statute provides for civil liability, as follows:

> (E) A person who violates this section is liable in a civil action to any person harmed by the violation for injury, death, or loss to person or property incurred as a result of the commission of the offense and for reasonable attorney's fees, court costs, and other expenses incurred as a result of prosecuting the civil action commenced under this division. A civil action under this division is not the exclusive remedy of a person who incurs injury, death, or loss to person or property as a result of a violation of this section.

Section 2921.52(E).

Although this particular criminal statute appears to authorize a private civil action for damages, the Court finds Plaintiff has failed to state a claim for "sham legal process" as to any of the Defendants. Even liberally construed, the Complaint contains no allegations suggesting any of the Defendants knowingly used a "sham legal process" in violation of Section 2921.52(B). The Complaint does not identify any "sham legal process" as defined in Section 2921.52(A) nor does it set forth any factual allegations that any of the Defendants used a "sham legal process" for any purpose. Accordingly, the Court finds Plaintiff's claims under Section 2921.52 fail to state claims upon which relief may be granted and are dismissed as to all Defendants.

### 2. Remaining State Law Claims

Plaintiff also asserts claims against Defendants for violations of various Ohio Administrative Code provisions, ODRC Policy No. 75-MAL-01 regarding inmate mail, and unspecified provisions of the Ohio Constitution. All of these claims arise out of RCI's alleged mishandling of Plaintiff's outgoing legal mail on the two occasions described *supra*.

There is no suggestion in the Complaint that Defendants Michaels or Born had any involvement or responsibility for the handling of outgoing legal mail at RCI. These Defendants are employed by the United States Postal Service and the Ohio State Highway Patrol. The Complaint does not set forth any factual allegations suggesting these Defendants had any role in or control over RCI's alleged failure to promptly mail Plaintiff's legal packages. Accordingly, the Court finds Plaintiff's remaining state law claims against Defendants Michaels and Born fail to state claims upon which relief may be granted and are dismissed.

With respect to Plaintiff's remaining state law claims against Defendants Rose, Roque,

Butler and Croft, this Court declines to exercise supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(c). Supplemental jurisdiction is governed by 28 U.S.C. § 1367, which includes an explicit provision permitting the district court to decline to exercise supplemental jurisdiction when that court has dismissed all of the claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir. 1997) (noting that a district court may decline to exercise supplemental jurisdiction over state-law claims once it has dismissed all claims over which it possessed original jurisdiction).

Accordingly, Plaintiff's state law claims against Defendants Rose, Roque, Butler and Croft for alleged violations of the Ohio Administrative Code, ODRC Police No. 75-MAL-01 and the Ohio Constitution, as set forth in the Complaint, are remanded to the Richland County Court of Common Pleas for further proceedings.

### IV. Conclusion

Accordingly, Plaintiff's federal claims against all Defendants are dismissed pursuant to 28 U.S.C. § 1915A. Plaintiff's state law claims against Defendants Michaels and Born are also dismissed pursuant to 28 U.S.C. § 1915A. Plaintiff's state law claims against Defendants Rose, Roque, Butler, and Croft for violations of Ohio Revised Code §§ 2921.44, 2921.45, and 2921.52 are dismissed pursuant to 28 U.S.C. § 1915A. Plaintiff's remaining state law claims against Defendants Rose, Roque, Butler and Croft are remanded to the Richland County Court of Common Pleas for further proceedings pursuant to 28 U.S.C. §§ 1367, 1441. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[8]

IT IS SO ORDERED.

 */s/Dan Aaron Polster 7/23/12*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[8] 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."